**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) <br> ) <br> ) Civil Action No. 08-CV-2410 |
| Plaintiff, | ) <br> ) Hon. Charles P. Kocoras <br> ) Magistrate Judge Michael T. Mason |
| v. | ) <br> ) |
| SENTINEL MANAGEMENT GROUP, INC., <br> ERIC A. BLOOM, and CHARLES K. MOSLEY, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE**
**RELIEF AGAINST SENTINEL MANAGEMENT GROUP, INC.**

**I. INTRODUCTION**

On April 28, 2008, Plaintiff Commodity Futures Trading Commission

("Commission" or "CFTC") filed this action against Sentinel Management Group, Inc.

("Sentinel" or "Defendant"), Eric A. Bloom and Charles K. Mosley seeking injunctive and

other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7

U.S.C. §§ 1 *et seq.* (2002).

**II. CONSENTS AND AGREEMENTS**

To effect settlement of the matters alleged in the Complaint against Sentinel without

a trial on the merits or any further judicial proceedings, Sentinel, through Frederick J.

Grede, Liquidation Trustee for the Sentinel Liquidation Trust and estate representative for

the estate of Sentinel Management Group, Inc. ("the Trustee"):

    1.    Consents to the entry of this Consent Order of Permanent Injunction and

Other Equitable Relief ("Consent Order") against Defendant Sentinel ("Consent Order").

2.      Affirms that it has agreed to this Consent Order voluntarily, and that no

threat or promise, other than as specifically contained herein, has been made by the

Commission or any member, officer, agent or representative thereof, or by any other

person, to induce consent to this Consent Order.

3.      Acknowledges service of the summons and Complaint.

4.      Admits the jurisdiction of this Court over Sentinel and the subject matter of

this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5.      Admits that venue properly lies with this Court pursuant to Section 6c(e) of

the Act, 7 U.S.C. § 13a-1(e) (2002).

6.      Waives:

    a.      all claims that Sentinel may possess under the Equal Access to Justice
        Act (EAJA) ("EAJA"), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412
        (2000), and/or Part 148 of the Commission's Regulations
        ("Regulations"), 17 C.F.R. § 148.1, *et seq.* (2007), relating to, or
        arising from, this action;

    b.      all claims that Sentinel may possess under the Small Business
        Regulatory Enforcement Fairness Act, Pub. L. 104-121, Subtitle B,
        Section 223, 110 Stat 862-63 (March 29, 1996), as amended by P.L.
        110-28, May 25, 2007, relating to, or arising from, this action;

    c.      any claim that Sentinel may possess of Double Jeopardy based upon the
        institution of this proceeding and the order entered herein;

    d.      the entry of findings of fact and conclusions of law pursuant to Rule
        52 of the Federal Rules of Civil Procedure; and

    e.      all rights of appeal in this action.

7.      Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Sentinel in any other proceeding.

8.      Neither admits nor denies the allegations of the Complaint except as to jurisdiction and venue, which Sentinel admits.  Sentinel does not consent to the use of the allegations of the Complaint  or this Consent Order as the sole basis for any other proceeding brought by the Commission, other than a proceeding to enforce the terms of this Consent Order or a Commission registration proceeding relating to Defendant pursuant to Section 8a of the Act, 7 U.S.C. § 12a(l), and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* Solely with respect to any proceeding to enforce this Consent Order and any Commission registration proceeding relating to Defendant pursuant to Section 8a of the Act, 7 U.S.C. § 12a(1), and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1, *et seq.*, Sentinel agrees that the allegations of the Complaint and this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof.  Except as set forth in this paragraph 8, the parties intend that the Consent Order and/or the Complaint will not be used, admissible, or given preclusive effect in any other proceeding.

9.      Consents to the continued jurisdiction of this Court over Sentinel for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case.

### III. PERMANENT INJUNCTION

10.    Sentinel is prohibited and permanently enjoined from directly or indirectly:

  a.    cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce, made, or to be made, on or subject to the rules of any registered entity, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) of the Act, 7 U.S.C. § 6b(a)(2)(i);

  b.    commingling customer funds with those of Sentinel and others; using customer funds to secure the loans of Sentinel; failing to treat, deal with, and account for customer funds as belonging to the customer; and withdrawing customer segregated funds beyond Sentinel's actual interest therein, in violation of Section 4d(a)(2) of the Act, 7 U.S.C. § 6d(a)(2), and Regulations 1.20, 1.22 and 1.23, 17 C.F.R. §§ 1.20, 1.22 and 1.23;

  c.    holding, disposing, or using any money, securities, or property received for deposit in a separate account as provided for in Section 4d(a)(2) of the Act, as belonging to Sentinel or any person other than the customers of Sentinel, in violation of Section 4d(b) of the Act, 7 U.S.C. § 6d(b);

  d.    filing false reports with the Commission in violation of Section 4g(a) of the Act, 7 U.S.C. § 6g(a), and Regulation 1.10(d), 17 C.F.R. § 1.10(d); and

  e.    willfully making false statements to the Commission in violation of Section 6(c) of the Act.

11.    Defendant Sentinel is further permanently prohibited from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including, but not limited to, the following:

a. trading on or subject to the rules of any registered entity, as that term is defined in Section 1429 of the Act, 7 U.S.C. § 1a(29);

b. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

c. soliciting or accepting any funds from any person for the purpose of purchasing or selling any commodity interest;

d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

e. entering into any commodity interest transactions for Sentinel's own accounts, for any account in which Sentinel has a direct or indirect interest, and/or having any commodity interests traded on Sentinel's behalf; and

f. engaging in any business activities related to commodity interest trading.

12. The injunctive provisions of this Consent Order shall be binding upon the Defendant, upon any person who acts in the capacity of agent, employee, attorney, successor and/or assign of the Defendant and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with the Defendant.

13. Notwithstanding any other provision of this Consent Order, the Trustee's administration of Sentinel's bankruptcy estate and (to the extent applicable) the Trustee's maintenance of some or all of Sentinel's customer property, cash, securities, accounts and account

balances in a *status quo* position pending a determination by the United States Bankruptcy Court with jurisdiction over Sentinel's bankruptcy case (the "Bankruptcy Court") concerning the ownership, use and disposition of such property, cash, securities, accounts and account balances, and any liquidation or other disposition of such property, cash, securities, accounts and account balances pursuant to order of the Bankruptcy Court, shall not be prohibited or restricted or constrained by this Consent Order, even though such property, cash, securities, accounts and/or account balances were not previously maintained by Sentinel in accordance with applicable law or this Consent Order.

14.     Nothing in this Consent Order is intended to limit or constrain the Trustee's fulfillment of his responsibilities and duties as Liquidation Trustee under the laws of the United States, the Bankruptcy Code and/or the orders of the United States Bankruptcy Court, including but not limited to those duties related to the maintenance, preservation, marshalling and distribution of Sentinel's assets in accordance with the above authority, including the Order confirming the Fourth Amended Chapter 11 Plan of Liquidation (the "Plan") entered by the Bankruptcy Court or to limit the protections he is afforded under those laws.

## IV.  OTHER PROVISIONS

15.     Authority: Frederick J. Grede, Trustee, as appointed by the Plan and the Sentinel Liquidation Trust, is hereby authorized, empowered and directed to sign and submit this Consent Order on behalf of Sentinel and to take all necessary and appropriate acts to carry out and implement the Consent Order in accordance with its terms without further order of the Court.  The Trustee, his agents, attorneys, accountants, consultants and employees,

including, without limitation, Jenner & Block, LLP, shall be held harmless and released from any liability or damages that may arise through the Trustee signing and submitting this Consent Order.

16.     Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto.  Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

17.     Invalidation: If any provision of this Consent Order, or if the application of any provisions or circumstances is held invalid, the remainder of this Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

18.     Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

19.     Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case.

20.     Counterparts and Facsimile Execution.  This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement

        There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order.


        **IT IS SO ORDERED** on this ___3rd___ day of August, 2009.




_____

**UNITED STATES DISTRICT JUDGE**
Honorable Charles P. Kocoras

**CONSENTED TO AND APPROVED BY:**

/s/ *Frederick J. Grede*

Frederick J. Grede, Liquidation Trustee for
the Sentinel Liquidation Trust


/s/ *Chris C. Gair*

   Chris C. Gair
   Attorney for Liquidation Trustee
   Jenner & Block, LLP
   330 N. Wabash Ave.
   43rd Floor
   Chicago, Illinois 60611
   (312) 923-8339


/s/ *Brigitte C. Weyls*

   Mark H. Bretscher
   Brigitte C. Weyls
   Attorneys for
   Commodity Futures Trading Commission
   525 W. Monroe Street, Suite 1100
   Chicago, Illinois 60661
   (312) 596-0547

9